IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RITA A. ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-07-1371-C |
| | ) | |
| (1) HCA-EDMOND MEDICAL CENTER, | ) | |
| a/k/a EDMOND MEDICAL CENTER, an | ) | |
| Oklahoma Corporation; | ) | |
| (2) XYZ CORPORATION; | ) | |
| (3) CYNDI BASCH, (4) RHONDA | ) | |
| HANAN, (5) GREG HOLDER, | ) | |
| (6) MICHAEL RHOADES, and | ) | |
| (7) SALLY STEFFAN, individually and as | ) | |
| agents of Defendants (1) and/or (2), | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff Rita A. Roberts, proceeding pro se,[1] filed this federal complaint against various Defendants associated with her prior employment.  (See Compl., Dkt. No. 1.) Certain served Defendants have filed a motion to dismiss pursuant to Fed. R. Civ. P. 4(m) and 12(b)(6) (see Mot. to Dismiss, Dkt. No. 10), to which Plaintiff has responded (see Resp., Dkt. No. 17.)  Accordingly, this matter is now at issue.

I.  DISCUSSION

Plaintiff is an African-American female over the age of forty.  According to Plaintiff, while she was employed as a registered nurse at HCA-Edmond Medical Center ("EMC") she

---

[1] Although Plaintiff entered her appearance as a pro se litigant (see Civil Cover Sheet, Dkt. No. 1 Ex. 1), as discussed further herein attorney Robert J. Wagner has assisted her with certain aspects of this litigation.

was subjected to a hostile working environment as well as disparate treatment in terms of: handling complaints about her performance, denying her access to requested records, taking disciplinary action, and retaliating against her after she complained about the discriminatory treatment.  (See Compl. ¶¶ 2, 12-29.)

Liberally construed, Plaintiff's complaint alleges that during the time she was employed at EMC she suffered from sex and race discrimination and retaliation in violation of Title VII, 42 U.S.C. §§ 2000e et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq.  (See id. ¶¶ 1, 29.)  Plaintiff brings these federal claims as well as additional state law claims, "including but not limited to the anti-discrimination statutes, defamation, defamation per se, black listing, violation of common law and/or violation of the public policies of [Oklahoma] . . . constituting a 'Wrongful Termination,'" against EMC and XYZ Corporation.[2]  (See id. ¶¶ 6, 8; Resp. at 6.)  Plaintiff additionally brings the state law claims against five individuals (the "Individual Defendants"), all employees of EMC with supervisory authority over Plaintiff, in their individual capacities and as agents of EMC and XYZ Corporation.  (See Compl. ¶¶ 4, 6; Mot. to Dismiss at 2.)

A.  Plaintiff's Pro Se Status

Pleadings of pro se litigants generally are "construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  Hall v. Bellmon, 935 F.2d

---

[2] Plaintiff describes XYZ Corporation as "any subsidiary or other business entity that should have been identified and joined in this matter."  (See Compl. ¶ 4.)  Because no such entity has been identified, for purposes of the instant motion the Court's analysis of Plaintiff's claims against EMC likewise applies to claims against XYZ Corporation to the extent, if any, that XYZ Corporation is an actual, identifiable, subsidiary of EMC.

1106, 1110 (10th Cir. 1991).  As previously discussed by the Court (see Order, Dkt. No. 4),

Plaintiff is technically a pro se litigant who is being assisted by Robert Wagner, a licensed

attorney, with the drafting and presentation of pleadings in this case.  "Mere assistance" from

Mr. Wagner in drafting court documents would "'not totally obviate some kind of lenient

treatment'" by the Court.  (See id. at 3 (quoting Duran v. Carris, 238 F.3d 1268, 1273 (10th

Cir. 2001)).)

The Individual Defendants argue that any degree of leniency is unwarranted due to

Mr. Wagner's continued assistance.  (See Mot. to Dismiss at 15-16.)  The Court provided

specific instructions to Plaintiff and Mr. Wagner regarding his participation in this matter,

including the warning that he is subject to the requirements of Fed. R. Civ. P. 11(b) and to

the considerations guiding all attorneys in performing legal tasks.  On Plaintiff's response

to the motion to dismiss, Mr. Wagner confusingly indicated that he had helped with "drafting

this Application for Leave."  (See Resp. at 9.)  An employee at Mr. Wagner's law firm

further stated in an affidavit that the law firm is assisting Plaintiff by drafting pleadings and

electronically filing them, while the employee herself assisted with service of Defendants.

(See Aff. of Amanda Luttrell, Resp. Ex. 1.)  While these explanations certainly could have

been more specific, there is no indication that Mr. Wagner's or his firm's assistance has

rendered Plaintiff anything less than "substantially" pro se.  See Duran, 238 F.3d at 1272-73.

Thus, the Court will consider Plaintiff to be a pro se litigant, albeit one who has received

some drafting assistance from counsel, and construe her pleadings accordingly.[3]

*B.  Fed. R. Civ. P. 4(m)*

Federal Rule of Civil Procedure 4(m) provides:

If a defendant is not served within 120 days after the complaint is filed, the
court–on motion or on its own after notice to the plaintiff–must dismiss the
action without prejudice against that defendant or order that service be made
within a specified time.  But if the plaintiff shows good cause for the failure,
the court must extend the time for service for an appropriate period.

Plaintiff filed her complaint on December 4, 2007.  As of April 2, 2008, none of

Defendants had been served with a summons and complaint, and Plaintiff filed a motion

asking for additional time to perfect service on Defendants.  Though finding it "doubtful"

that there was good cause for the delay, the Court granted Plaintiff an extension of time until

May 15, 2008, to serve all Defendants.  (See Order.)  Defendants Basch and Rhoades were

served before that deadline passed.  (See Mot. to Dismiss at 17.)  The parties dispute whether

Defendant Hanan was served on May 14, 2008, or on May 16, 2008.  (See id.; Resp. at 2;

Summons for Rhonda Hanan, Dkt. No. 13; Hanan Aff., Dkt. No. 10 Ex. 3.)  The record

indicates that Defendant Holder was served on May 16, 2008, and Defendant Steffan was

served on May 23, 2008.  (See Mot. to Dismiss at 5; Resp. at 2-3.)

---

[3]  For purposes of the instant motion, it is essentially irrelevant whether Plaintiff is
considered pro se because as discussed below, Plaintiff's action cannot survive under lenient
treatment toward the pleadings, let alone the more stringent analysis given to matters when litigants
are represented by counsel.

4

The Individual Defendants first argue that the complaint should be dismissed for Plaintiff's failure to serve any of them within 120 days of the filing of the complaint. (See Mot. to Dismiss at 16.)  The Court, however, previously declined to dismiss on this ground as evidenced by its grant of additional time for Plaintiff to serve Defendants. (See Order.) Next, the Individual Defendants argue that dismissal of every Defendant is justified on account of Plaintiff's failure to comply with the Court's order that "all Defendants" be served by May 15, 2008.  This argument stretches the language of Rule 4(m) a bit far, however, as that Rule provides for the dismissal of the action solely "against that defendant" who is not served within the time limit.  See Fed. R. Civ. P. 4(m) (emphasis added).  Moreover, the Individual Defendants who were arguably untimely served have not shown that they suffered any prejudice due to being served a few days past the Court's deadline.  Thus, in light of the various considerations and the lack of prejudice to the Individual Defendants, a permissive extension of time is warranted regarding the Individual Defendants.

Unfortunately for Plaintiff, her claims against EMC are a different matter.  The record does not reflect that this Defendant been served as of this date, despite EMC's attorney's best efforts to assist Plaintiff in that regard. (See Letter Dated May 30, 2008, Dkt. No. 18 Ex. 2; Letter Dated June 2, 2008, Dkt. No. 18 Ex. 3.)  Although Plaintiff denies that EMC has not been served and purports to have attached a proof of service affidavit to that effect (see Resp. at 3), the correspondence filed with the Court makes it clear that Plaintiff's attempted service on May 13, 2008, was not directed to EMC's registered agent for service of process. (Compare Summons, Dkt. No. 11, with Letter Dated May 30, 2008.)  Although the Court

construes a pro se litigant's pleadings liberally, parties proceeding pro se must follow the same procedural rules that govern other litigants. Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007). There has been no good cause shown for the continued failure to serve EMC, and so Plaintiff's claims against EMC shall be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

The Court recognizes that if Plaintiff's case is dismissed, she may lose the ability to refile her claims because she was required to file within ninety days of receipt of her right-to-sue letter, which was dated September 5, 2007. (See Compl. ¶ 11 & Ex. 1.) The Tenth Circuit has noted that whether a statute of limitations would bar the refiled action is a factor that should be considered by the Court under Rule 4(m). See Espinoza v. United States, 52 F.3d 838, 842 (10th Cir. 1995) (citing Fed. R. Civ. P. 4(m) advisory committee's note (1993)). Therefore, if Plaintiff does provide the Court with proof that EMC was indeed served properly on or before the date of this Order, the Court will reconsider its dismissal.

*C. Supplemental Jurisdiction*

Having disposed of Plaintiff's federal law claims against EMC, the Court must determine whether to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against all Defendants. The Tenth Circuit has held that when federal claims are resolved before trial, the district court should usually decline to exercise jurisdiction over the state law claims and allow the plaintiff to pursue them in state court. See Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995); cf. Smith v. City of Enid, 149 F.3d 1151, 1156 (10th Cir. 1998). Having disposed of her federal claims prior to trial and finding no indication that the

6

Court should be required to retain and dispose of Plaintiff's state law claims, the Court, in its discretion and pursuant to 28 U.S.C. § 1367(c)(3), declines to exercise supplemental jurisdiction over Plaintiff's state law claims. The Court shall dismiss the state law claims without prejudice.  See Robey-Harcourt v. Bencorp Fin. Co., 212 F. Supp. 2d 1332, 1335 (W.D. Okla. 2002), aff'd, 326 F.3d 1140 (10th Cir. 2003).

## II.  CONCLUSION

For the reasons outlined herein, Defendants' motion to dismiss (Dkt. No. 10) is GRANTED subject to the condition outlined herein. This action is hereby dismissed without prejudice in its entirety.

IT IS SO ORDERED this 1st day of August, 2008.


ROBIN J. CAUTHRON
United States District Judge

7